**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1569

TERESA SUZANNE SKEEN, as administrator and personal representative of the estate of Phillip Cameron Gibson II, deceased,

Plaintiff - Appellant,

v.

SETH SPARKS, in his individual capacity; CHAD LONG, in his individual capacity; JOSH ASBURY, in his individual capacity,

Defendants - Appellees,

and

WASHINGTON COUNTY SHERIFF'S OFFICE; SHERIFF BLAKE ANDIS, in his official capacity; FRED NEWMAN, in his official capacity; JOHN DOES 1-10, in their individual capacities,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:20-cv-00017-JPJ-PMS)

Submitted:  May 18, 2023                    Decided:  July 26, 2023

Before HARRIS and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

2

**ON BRIEF:**  John P. Fishwick, Jr., Carrol M. Ching, Daniel J. Martin, FISHWICK & ASSOCIATES PLC, Roanoke, Virginia, for Appellant.  Jim H. Guynn, Jr., Christopher S. Dadak, GUYNN, WADDELL, CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Cameron Gibson II, a suspect in a breaking and entering and firearm theft, was fatally shot by deputies of the Washington County, Virginia, Sheriff's Office. Gibson's mother, Teresa Suzanne Skeen, as administrator and personal representative of his estate ("the Estate"), subsequently brought this action, asserting that the deputies used excessive force in violation of Gibson's Fourth Amendment rights, and raising a pendent state law claim for wrongful death. The district court granted summary judgment to the defendants, finding that the deputies' use of deadly force was reasonable under the circumstances. Finding no error, we affirm.

We review a district court's award of summary judgment de novo. *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 228 (4th Cir. 2022). "Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). In ruling on a motion for summary judgment, we must view the facts and draw all reasonable inferences in favor of the nonmovant – here, the Estate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On appeal, the Estate argues that genuine disputes of material fact precluded summary judgment on its federal and state-law claims. But the district court found that the disputes raised by the Estate were not material to those claims: Even accepting the Estate's version of events, the deputies' use of deadly force was objectively reasonable under the circumstances, precluding liability under both the Fourth Amendment and Virginia law. *Skeen v. Washington Cnty. Sheriff's Off.*, No. 1:20CV00017, 2022 WL 1299960, at *10

3

(W.D. Va. Apr. 22, 2022); *see Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) ("[W]hether an officer has used excessive force [in violation of the Fourth Amendment] is judged by a standard of objective reasonableness."); *McLenagan v. Karnes*, 27 F.3d 1002, 1009 (4th Cir. 1994) (observing that in Virginia, "[a] wrongful act imports lack of justification or excuse"). Upon review of the record, we agree.

We have carefully considered the briefs of the parties and the record in this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*